UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| *In re* BAYCOL PRODUCTS LITIGATION<br><br>This Document Relates to:<br><br>*Curtis Coates, et al., v. Bayer Corp., et al.*<br>     *(Plaintiff Neva Sanders only)* | MDL NO. 1431<br>(MJD/SRN)<br><br>**REPORT AND**<br>**RECOMMENDATION**<br><br>Case No. 03-1175 |

E. Frank Woodson, Esq. and Melissa A. Prickett, Esq., on behalf of Plaintiff Neva Sanders

Susan A. Weber, Esq. and James W. Mizgala , Esq. on behalf of Defendant Bayer Corporation

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter comes before the undersigned Magistrate Judge of District Court on Defendant Bayer Corporation's Motion for Discovery Sanctions against Plaintiff Neva Sanders [Doc. No. 182]. This matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I.     INTRODUCTION

Defendant Bayer Corporation ("Bayer") moves this Court to dismiss this action with prejudice as a sanction under PTO 149 and Rule 37(B)(2)(C) and 37(d) of the Federal Rules of Civil Procedure for Plaintiff's failure to appear for her duly noted deposition on September 14, 2006 in Louisville, Kentucky. Section I.A.2 of PTO 149 provides, in relevant part:

> d.     Except for good cause shown, if a Plaintiff fails to appear for his/her scheduled deposition, such Plaintiff's claims will be dismissed with prejudice.
>
> e.     If a party or its counsel does not intend to appear for a deposition, counsel for that party must provide written notice to the attorney who noticed the deposition at least 24 hours before the deposition is scheduled to commence. Absent a showing

>of good cause, counsel for a non-appearing party who fails to provide this notice will be liable for the fees of the court reporter.

On August 3, 2006, fully consistent with PTO 149, Defendant Bayer served a Notice of Deposition of Plaintiff Neva Sanders upon Plaintiff's counsel of record to be taken on September 14, 2006 in the offices of Boehl, Stopher & Graves, LLP in Louisville, Kentucky.

On August 31, 2006, Bayers's counsel sent an email to Plaintiff's counsel, Matt Munson, regarding an unrelated plaintiff. In his response, Mr. Munson indicated that he was uncertain that Plaintiff and others would show up for their depositions. No further communication occurred.

On September 14, 2006, the deposition proceeded as noticed. Although Plaintiff's counsel appeared by phone, Plaintiff failed to appear. Fees for the court reporter's services totaled $75.00.

## II.   DISCUSSION

Defendant Bayer argues that Plaintiff has violated PTO 149 which established mandatory procedures for case-specific discovery and that Bayer is prejudiced by the failure of Plaintiff to appear for her deposition. In order to adequately defend against her claim, Bayer argues that it is entitled to fundamental discovery regarding Plaintiff's use of Baycol, the nature, extent and potential causes of Plaintiff's alleged injuries and the extent of Plaintiff's alleged damages. Moreover, Bayer argues that Plaintiff's failure to appear at her deposition demonstrates her lack of interest in this case and her abandonment of this claim and, accordingly seeks dismissal of the action. With respect to the court reporter's fees which were necessitated by the fact that Plaintiff's deposition was never cancelled or rescheduled, Bayer argues that PTO 149 entitles it

to such fees. Plaintiff's counsel did not respond to Bayer's motion.

Federal Rule of Civil Procedure 37 provides courts with broad discretion to impose sanctions for failure to comply with discovery orders, including the ultimate sanction of dismissal with prejudice. In pertinent part, the rule states that "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule . . . the court in which the action is pending may make such orders in regard to the failure as are just, [including] an order . . . dismissing the action or proceeding or any part thereof." Fed. R. Civ. P. 37(b)(2)(C).

In the Eighth Circuit, dismissal may be considered as a sanction only where there is an order compelling discovery, willful violation of that order, and prejudice to the opposing party. Keefer v. Provident Life & Accident Ins. Co., 238 F.3d 937, (8th Cir. 2000) (citation omitted). While the district court has discretion to impose discovery sanctions, such sanctions must be just and specifically related to the claim at issue. Id. (citations omitted). Before imposing dismissal, courts must consider whether a lesser sanction is appropriate under the circumstances, but need not impose the least onerous sanction available. Id. (citations omitted). The Court notes that it has supported the imposition of such sanctions in prior Baycol matters. See Bougher, et al. v. Bayer Corp., Civ. No. 02-0914 (MJD/JGL), slip. op. at 2 (D. Minn. May 24, 2004).

In the present case, PTO 149 specifically and clearly calls for the dismissal of an action, if Plaintiff fails to appear for his or her deposition. Further, the Court finds that Bayer has shown the requisite prejudice. It is undisputed that Bayer is entitled to discover fundamental facts regarding Plaintiff's usage of Baycol, injuries and damages by way of deposition. Plaintiff's failure to appear at her deposition, without any notice to Bayer, or her own counsel, makes it virtually impossible for Bayer to prepare an adequate defense to her claim. Hence, a sanction of

dismissal of Plaintiff's claims is appropriate under these circumstances.

This Court must consider, of course, whether a lesser sanction against Plaintiff will cure the prejudice to Bayer.  However, because Plaintiff saw fit to willfully ignore her deposition notice, the Court finds, in its discretion, that any lesser sanction would be futile.  It is recommended that Bayer's motion for dismissal be granted.

Section I.A.2.e of PTO 149 provides that, absent a showing of good cause, counsel for a non-appearing party who fails to provide notice to Bayer's counsel that Plaintiff may not appear for her deposition will be liable for the fees of the court reporter.  Plaintiff's counsel here clearly should have notified Bayer that they had not made successful contact with their client and should have sought to reschedule her deposition at a time when Plaintiff's counsel could confirm her appearance.  PTO 149 places the burden on Plaintiff's counsel to demonstrate good cause to avoid liability for those fees.  Plaintiff's counsel has failed to do so.

Based on all the files, records, and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Defendant Bayer Corporation's Motion for Discovery Sanctions against Plaintiff Neva Sanders [Doc. No. 182] be GRANTED;

2. Plaintiff Neva Sanders' action be DISMISSED WITH PREJUDICE; and

3. Plaintiff's counsel be required to pay the sum of $75.00 to Bayer Corporation within 10 days of the District Court's Order should the District Court adopt this Report and Recommendation.

Dated:  March 6, 2007

  s/ Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 21, 2007,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.